UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ernest Watson,                                     Case No. 3:14-cv-0132

           Plaintiff

v.                                            MEMORANDUM OPINION
                                                   AND ORDER

Ms. McClain, et al.,

           Defendants

### BACKGROUND AND HISTORY

P*ro se* Plaintiff Ernest Watson filed this action against the North Central Correctional Complex ("NCCC") Health Care Administrator Ms. McClain, former NCCC Health Care Administrator D. Teare, former NCCC Health Care Administrator Julie Hensley, former NCCC Chronic Care Physician Dr. Cha, former NCCC Physician Dr. Ford, NCCC Physician Dr. Delaney, NCCC Medical Finance Officer Donna White, NCCC Nurse Practitioner Wallace, NCCC Nurse Practitioner Kovac, and NCCC Nurse Practitioner Hoover. In the Complaint, Plaintiff alleges the Defendants have not successfully treated his skin condition. He seeks monetary damages and referral to a dermatologist.

Plaintiff contends he contracted a skin infection in May 2012. He signed up for sick call and was referred to see Dr. Cha on June 4, 2012. Dr. Cha prescribed Ketaconazole and medicated shampoo. Plaintiff alleges the treatment was ineffective.

Plaintiff signed up for sick call on June 20, 2012. He was referred to see Dr. Ford on July 2, 2012, who gave him lotion and medicated shampoo. He claims that treatment was also ineffective. He sent a "kite" or written request to the doctor and learned she was on vacation. Instead, he saw Dr. Delany on July 18, 2012. Dr. Delany diagnosed him with a skin infection and prescribed "some pills" and steroid shots. He claims one of the medications gave him headaches. When he attempted to make a follow up appointment, he discovered Dr. Delaney was no longer with the prison.

Plaintiff claims his condition improved when the weather grew colder. When summer arrived in 2013, however, the condition returned. He signed up for sick call and saw Dr. Wallace. Dr. Wallace diagnosed him with Vitiligo. Plaintiff disputed the diagnosis and contacted the Deputy Warden, who told him to sign up for sick call and ask for a different physician. Plaintiff followed that advice and made an appointment with Dr. Kovac. Dr. Kovac prescribed Fluconazole which Plaintiff believes is prescribed to women with vaginal infections. He had a follow up appointment with Dr. Hoover, who prescribed penicillin and hydrocortisone cream. Plaintiff states that he still experiences symptoms from this condition, particularly in the hot summer months. He does not specify any legal claims he seeks to assert. He requests monetary damages and referral to a dermatologist.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause

of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff does not specify a cause of action he intends to assert in his Complaint. Based solely on the nature of the allegations in the pleading, it is possible he is attempting to assert a claim under the Eighth Amendment for deliberate indifference to serious medical needs.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court remarked that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* at 833. The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the

3

safety of the inmates.'" *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8.. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious"

4

medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). I must first determine whether Plaintiff's medical condition is sufficiently serious to invoke Eighth Amendment protection. If the condition is sufficiently serious, I will then proceed to inquire whether the Defendants exhibited deliberate indifference to Plaintiff's medical condition.

In the Sixth Circuit, we evaluate the seriousness of an inmate's need using an "obviousness" approach. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). Under this analysis, the medical need must be sufficiently severe that it is "obvious even to a layperson" that immediate medical attention is needed. *Id.*; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010).[1] Under this standard, a line is drawn between the medical conditions or complaints which require medical treatment and those which present what are essentially options for the inmate in terms of seeking relief from symptoms. On one side of this line are conditions such as occasional indigestion or constipation, dandruff, acne, vitiligo, chapped lips, dry hands, most headaches, most colds (uncomplicated with fever), seasonal allergies, eczema, and muscle ache from exertion, which dictate a response, "treatment," for cosmetic purposes or purposes of convenience or comfort. *See Peters v. Berghuis*, No. 1:09–cv–14, 2009 WL 261387 (W.D.Mich. Feb.3, 2009) (inmate's complaint that he found it hard to sleep because the lack of proper ventilation, dry air, and dust in the unit caused him to suffer sinus headaches and congestion pressure was not "the sort of serious medical condition

---

[1] Most other circuits hold that a medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir.1990) (emphasis added) (citing *Monmouth County Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)); *see also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir.2001); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir.1995); *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187 (11th Cir.1994); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980).

that would implicate the Eighth Amendment."); *Davidson v. Scully*, No. 81 Civ. 0390(PKL), 86012, 2001 WL 963965, at *5 (S.D.N.Y. Aug. 22, 2001) (inmates common seasonal allergies which caused headaches, earaches, sinus congestion, soreness in his throat and eyes, tearing, and nasal infections did not constitute serious medical need under the Eighth Amendment).[2] On the other side of the line are serious medical needs which may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).

Here, Plaintiff contends he suffers from a seasonal skin condition. He does not elaborate on the nature or extent of the condition; however, he alleges that it improves during the winter and redevelops in the hot summer months. Plaintiff does not allege sufficient facts to indicate this condition is sufficiently grave to qualify as a serious medical condition, as opposed to one that is merely uncomfortable.

Even if his medical condition is sufficiently serious, Plaintiff has not alleged facts to suggest any of the Defendants acted with deliberate indifference. The subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety;

---

[2] S*ee also* **Error! Main Document Only.***McKeithan v. Beard,* No. 06–965, 2010 WL 2028091, at *1-5 (W.D. Pa. Apr. 12, 2010) (**Error! Main Document Only.**excessive itching and dry skin is not a serious medical condition); **Error! Main Document Only.***Sledge v. Kooi,* 564 F.3d 105 (2nd Cir. 2009) (alleged eczema, back pain, stomach disorders, allergies, and asthma did not constitute a "serious medical need" on which to premise an Eighth Amendment claim of deliberate medical indifference)*;* **Error! Main Document Only.***Gonzalez–Reyna v. Ellis*, 2009 WL 2421482, at *3 (E.D.Va., July 27, 2009) (Trenga, J.) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation."); *Mayes v. Travis State Jail*, C.A. No. 06–CA–709, 2007 WL 1888828 (W.D.Tex. 2007) (finding as *de minimis* inmate's claims for recurrent sinus infections); *Smith v. Fox*, C.A. No. 4:05–CV–1554, 2006 WL 2090170, at *6 (D.S.C. 2006) (finding as *de minimis* inmates's claims of migraines and sores in his nose and mouth); *Gill v. Shoemate*, C.A. No. 05–CV–2124, 2006 WL 1285412 at *5 (W.D.La. 2006) (finding as *de minimis* complaints of headaches and eye and throat irritation following exposure to mold, mildew, dust, and fumes); *Samuels v. Jackson*, 1999 WL 92617, at * 1–3 (S.D.N.Y., Feb.22, 1999) (Mukasey, J.) (prisoner's "[p]apules, vesicles, pustules, burrows, and intense itching resulting in eczema" did not constitute a sufficiently "serious medical need" for purposes of Eighth Amendment).

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Id.*

In this case, Plaintiff received regular medical care. He was treated by five doctors and a physician's assistant. He was prescribed Ketaconazole, "some pills," steroid shots, fluconazole, penicillin, hydrocortisone cream, medicated shampoos, and medicated lotions. He states that these treatments did not cure him of his condition. His also disagreed with the diagnosis of two of the physicians. Erroneous treatment implicates the Constitution only when the health care provider's conduct reflects a substantial departure from accepted medical judgment, practice, or standards. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). The treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). Plaintiff does not allege facts suggesting the treatment he received for his skin condition was so inadequate, lacking, or grossly incompetent that it shocked the conscience. Where, as here, a physician provides constitutionally acceptable care, his or her inability to effect a final cure is not proof of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Plaintiff failed to state a claim for relief under the Eighth Amendment.

If Plaintiff intended to assert a claim other than one arising under the Eighth Amendment, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims

7

from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state a federal constitutional claim or claims, aside from one arising under the Eighth Amendment, upon which Plaintiff intends to base his § 1983 action.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this case is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.[3] This case is closed.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.